IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK R. MURRAY,

                Plaintiff,          Case No. 3:09 CV 1514

  -vs-

                                         MEMORANDUM OPINION

CITIGROUP GLOBAL MARKETS, INC.,
D/B/A/ SMITH BARNEY

                Defendant.

KATZ, J.

       This matter is before the Court on Defendant's Motion to Compel arbitration (Doc. No. 4) pursuant to § 3 and 4 of the Federal Arbitration Act (9 U.S.C. § 3, 4), Ohio Revised Code §2711.03 and Federal Rule of Civil Procedure 12(b)(6). Defendant asks the Court to dismiss Plaintiff's complaint based on his agreement to arbitrate the claims alleged in his Complaint. In the alternative Defendant asks that this matter be stayed and the dispute between the parties referred to arbitration pursuant to the foregoing statutes and rules. For the reasons which follow Defendant's Motion to Compel Arbitration will be granted and this matter stayed until completion of that arbitration.

       The parties have provided the Court with approximately 100 pages of argument and an additional like number of attached exhibits. The Court has reviewed all of such offerings prior to reaching its conclusion. Suffice to say that the Court finds Defendant's position justified on a number of alternative points.

       The parties have appropriately set forth the facts surrounding this case as outlined in the Complaint and reiterated in the Memorandum in support of Defendant's Motion and Plaintiff's response in opposition thereto. Briefly, Plaintiff, Patrick R. Murray, ("Murray") was hired on July

7, 2000 by Defendant as a financial advisor in its Sandusky office. At that time he executed several documents including, but not limited to, the following: 1) A Uniform Application for Securities Industry Registration or Transfer ("U-4 Form"); 2) A promissory note ("Note") memorializing the loan by CitiGroup Global Markets to Murray ("the Loan") in the amount of $1,508,401; and 3) Addendum to the Promissory Note Forgivable Loan Agreement ("Addendum to the Note") which extended the length of the repayment period from seven years to nine years.

The Loan was to be repaid in nine equal annual installments, with payments commencing on the first anniversary date of the execution of the Note. That instrument further provided that upon termination of Murray's employment with Defendant, the outstanding balance became immediately due and payable, together with interest accruing from date of termination at the rate of prime plus 10% per annum.

Plaintiff resigned his employment on April 3, 2009, having made eight annual payments pursuant to the Note. Therefore, according to the terms of the Note the principle balance became immediately due and payable on the date of his resignation, to-wit: April 3, 2009.

Murray, through counsel, subsequently filed the Complaint in this action, which brings us to the point at which we now find the matter. Defendant asserts that multiple agreements between the parties require mandatory arbitration of the claims contained in the Complaint. Among those agreements requiring arbitration are: the Note's arbitration provision, found in paragraph 8 of that instrument; the Addendum to the Note at paragraph 3; the CitiGroup Global Markets, Inc. 2009 Employee Handbook, acknowledged and agreed to by Murray; the U-4 Form registering Murray with the Financial Industry Regulatory Authority ("FINRA"), the New York Stock Exchange ("NYSE") and several other securities Self-Regulatory Organizations ("SROs").

The Court agrees with Defendant that under multiple documents the disputes between the parties are subject to arbitration. The Note clearly contains a mandatory arbitration provision as does the Addendum to the Note. Both arise out of the employment relationship and the dispute arises as a result of the termination of Murray from employment with Defendant.

While the complaint alleges that Murray was fraudulently induced to execute the loan documents, including the Note and the Addendum thereto, that matter is for determination by the arbitrator and not by this Court. Further, as a registered stock broker he would be required to submit the dispute to arbitration under the various documents, agreements and statutes or regulations which apply to registered stock brokers, including the U-4 and Ohio Rev. Code § 2711.01.

The Ohio statute noted above provides that a written arbitration agreement is "valid, irrevocable and enforceable, except upon grounds that exist at law or in equity for a revocation of any contract." While the choice of law covering the relevant agreements provides for New York law to control, whether New York or Ohio law is applied the arbitration provisions are deemed by this Court to be enforceable. The same may be true of the Federal Arbitration Act, which requires enforcement of valid arbitration agreements "in state as well as federal courts". Cases cited by Defendant in its brief support the position that the charge of fraud in the inducement was a question for arbitrators and not the Court. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395 (1967). This Court has been consistent in following that and subsequent cases. Particularly is it applicable here where there is no allegation of fraud or mutual mistake as to the arbitration clause itself.

The SEC and the NYSE, in particular, require all securities brokers to be registered with at least one SRO before working in the industry. Form U-4 is the means by which all brokers and financial advisors so register. That form clearly creates an agreement between the registrant, here Murray, and the SROs and includes an arbitration provision which applies to "any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of the associated person(s) with any member . . .". Clearly, the issues at question here require arbitration since they arose out of Murray's activities, employment and termination.

Finally, in light of the Court's holding this date, Murray is not entitled to injunctive relief nor further discovery.

The Court rejects most of Plaintiff's arguments with respect to the inapplicability of FINRA and NYSE rules relied upon, in part, by Defendant in its assertion for arbitration. Plaintiff asserts at page 13 of Doc. No. 16 that the rules cited by and relied upon by Defendant emphasize coverage of all disputes between employer and employee arising out of employment or termination must be arbitrated. Clearly, the Note arose as a result of employment and upon termination the unpaid balance alleged due clearly arose pursuant to the Note, thus, there exists a dispute arising out of employment. This Defendant is the only proper defendant in this proceeding as has been alleged by Plaintiff throughout. Morgan Stanley has not attempted to enforce any obligations alleged owed by Murray on the basis of the promissory note between Murray and Defendant. The U-4 is clearly an agreement between the broker (in this case Murray) and FINRA and not between the employer and Murray. The validity of that U-4 does not appear to be an issue but, if as alleged by Plaintiff, it is, that is an issue for the arbitrator.

Finally, Murray's claims of having been fraudulently induced into entering into a contract must be submitted to arbitration because of all of the various arbitration provisions noted herein above and in the filings to which reference is made.

As outlined in this brief Opinion, the Court rejects the positions of Plaintiff with respect to arbitration, which rejection is based on a multiplicity of arbitration provisions governing this matter as between the parties and the law related thereto. Therefore, Defendant's motion to compel arbitration is granted and Plaintiff's motion for injunctive relief and the right to conduct discovery is denied. This case is stayed until completion of the arbitration.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE