IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK R. MURRAY,

                Plaintiff,                Case No. 3:09 CV 1514

  -vs-

                                                 MEMORANDUM OPINION

CITIGROUP GLOBAL MARKETS, INC.,

                Defendant.

KATZ, J.

This case involves Plaintiff Patrick R. Murray's ("Murray") claims that Defendant Citigroup Global Markets, Inc., d/b/a Smith Barney ("CGMI") fraudulently induced Murray to sign loan documents in connection with his employment. Murray also claims that CGMI illegally confiscated his assets related to a capital accumulation plan account ("CAP account"). The matter is currently before the Court on Murray's motions to vacate, modify, or correct portions of a Financial Industry Regulatory Authority ("FINRA") arbitration ruling, (Doc. 38; Doc. 44), and on CGMI's cross-motion requesting that this Court confirm the FINRA ruling and award costs and fees incurred while seeking confirmation. (Doc. 39). Also pending is CGMI's motion to strike the transcript of Murray's direct examination from the FINRA hearing,[1] (Doc. 52), Murray's oral request for leave to amend his Complaint, (Transcript of Oral Argument at 5, 41) ("Tr."), and Murray's oral request for a hearing on the constitutionality of the FINRA arbitration process, *id*, and Murray's motion to deem his requests for admission as being admitted by CGMI. (Doc. 48).

For the reasons stated herein, Murray's motions to vacate, modify, or correct are denied; Murray's motion to deem his requests for admission as being admitted by CGMI is denied;

---

[1] On October 20, 2011 CMGI filed a letter objecting to Murray's filing of the transcript. This Court construes CGMI's October 20 letter as a motion to strike the transcript from the record.

Murray's requests for leave to amend and for a hearing are denied; CGMI's motion to confirm is granted; CGMI's motion to strike is granted; and CGMI's request for costs and fees is denied.

**I. Factual Background**

This Court summarized the factual background of the instant matter in its November 24, 2009 Memorandum Opinion compelling arbitration (Doc. 31):

> [Murray] was hired on July 7, 2000 by [CGMI] as a financial advisor in its Sandusky office. At that time he executed several documents including, but not limited to, the following: 1) A Uniform Application for Securities Industry Registration or Transfer ("U-4 Form"); 2) A promissory note ("Note") memorializing the loan by CitiGroup Global Markets to Murray ("the Loan") in the amount of $1,508,401; and 3) Addendum to the Promissory Note Forgivable Loan Agreement ("Addendum to the Note") which extended the length of the repayment period from seven years to nine years.
> The Loan was to be repaid in nine equal annual installments, with payments commencing on the first anniversary date of the execution of the Note. That instrument further provided that upon termination of Murray's employment with Defendant, the outstanding balance became immediately due and payable, together with interest accruing from date of termination at the rate of prime plus 10% per annum.
> Plaintiff resigned his employment on April 3, 2009, having made eight annual payments pursuant to the Note . . . .

*Murray v. Citigroup Global Markets, Inc., d/b/a Smith Barney*, 2009 U.S. Dist. LEXIS 109681 (N.D. Ohio Nov. 24, 2009).

**II. Procedural Background**

Murray sued CGMI in the Ohio Court of Common Pleas for Erie County on May 27, 2009, alleging, *inter alia*, that CGMI fraudulently induced him to sign the addendum to the promissory note. CGMI removed the action to this Court on July 2, 2009, and on November 24, 2009, this Court granted CGMI's motion requesting that Murray be compelled to arbitrate the matter as required by multiple agreements governing Murray's employment. (Doc. 31). Arbitration commenced on September 29, 2010 in front of a FINRA panel consisting of three neutral

arbitrators who were jointly selected by both parties. On April 15, 2011, the FINRA panel issued a final decision awarding CGMI $40,153.00 in compensatory damages–the prorated balance remaining on the note, with interest continuing to accrue–and awarding Murray $25,705.95 in compensatory damages. (Doc. 39, Ex. A).

On May 6, 2011 Murray filed the instant motion to vacate, modify, or correct portions of the FINRA ruling. CGMI filed its response, cross-motion for confirmation, and request for costs and fees on May 23, 2011. On June 16, 2011, Murray filed a second motion to vacate, modify, or correct, accompanied by a twenty-five page memorandum in support. (Doc. 43; Doc. 44). Further, on October 18, 2011–less than one week before oral argument–Murray filed all 170 pages of his direct examination transcript from the FINRA hearing. (Doc. 51). Two days later, on October 20, 2011, CGMI filed a letter objecting to the transcript as untimely, unnecessary, and prejudicial. (Doc. 52). Oral Argument was held on October 24, 2011, during which Murray requested leave to amend his Complaint to include a constitutional challenge to the FINRA arbitration process. (Tr. at 5, 41). Murray also requested a hearing on the issue. *Id*.

**III. Standard for Reviewing an Arbitration Award**

"[R]eview of an arbitration award is "strikingly deferential." *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 712 (6th Cir. 2005), *overruled on other grounds*, (citing *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003)). Indeed, "[t]he review of an arbitration award is 'one of the narrowest standards of review in all of American jurisprudence.'" *United Paperworkers Int'l Union, Local 1737 v. Inland Paperboard and Packaging, Inc.*, 25 Fed. Appx. 316, at *318 (6th Cir. Dec. 21, 2001) (citing *Tenn. Valley Auth. v. Tenn. Valley Trades and Labor Council*, 184 F.3d 510, 514 (6th Cir. 1999)). The Federal Arbitration Act ("FAA") confines

3

a Court's authority for vacating an arbitration award to instances where the arbitrators engaged in misconduct, or where the arbitrators "exceeded their powers, or so imperfectly executed them" that a final and definite award was not made. *See* 9 U.S.C. § 10(a)-(e); *Jacada*, 401 F.3d at 712. Additionally, the Sixth Circuit has held that an arbitration award can be vacated "if it displays 'manifest disregard of the law.'" *Jacada*, 401 F.3d at 712 (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 718, 421 (6th Cir. 1995)).

**IV. Discussion**

**A. Review of the Arbitration Award**

Murray challenges the arbitration award on grounds that it is "irrational, it does not draw its essence from the party's contract, it violates public policy, and it manifestly disregards the law." (Doc. 38 at 1). At the outset, this Court notes that the purported irrationality of an award does not constitute a basis for vacating it. *Cf. Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 39 (1987)) ("the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award."). Moreover, Murray does not cite–and this Court does not find–any authority to demonstrate that the FINRA panel's award violates public policy. Consequently, the only remaining basis for review is "manifest disregard of the law." (*See* Tr. at 4-5, 27, 40) (parties denote "manifest disregard" as the relevant basis of review).

Murray's assertions of manifest disregard of the law are unavailing. Indeed, none of his arguments derive from a law-based analysis. Instead, Murray's oral argument and his motions engage in an arduous review of the *factual* record, to include a twenty-five page memorandum

4

contesting the FINRA panel's factual determinations, as well as an attempt to file the entire 170 page transcript of his direct examination.

As explained above, this Court does not have the authority to re-litigate facts when reviewing an arbitration award for manifest disregard of the law. *See Bd. Of County Comm'rs of Lawrence County, Ohio v. L. Robert Kimball & Assocs.*, 860 F.2d 683, 688 (6th Cir. 1988) ("Courts normally must enforce an arbitrator's resolution . . . even if there is an erroneous finding of fact . . . ."); *Interstate Brands Corp., Butternut Bread Div. v. Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 135*, 909 F.2d 885, 888 (6th Cir. 1990) (citing *Misco*, 484 U.S. at 36) ("[A] court may not reconsider the merits of an award even when the parties allege that the award rests on errors of fact or on misinterpretation of the Contract."). Such an excursion would exceed the express boundaries of review, and would undermine the fundamental benefits of arbitration. *See B.L. Harbert Int'l LLC v. Hercules Steel Co.*, 441 F.3d 905, 914 (11th Cir. 2006) ("If we permit parties who lose in arbitration to freely re-litigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system; dispute resolution will be slower instead of faster; and reaching a final decision will cost more instead of less . . . ."). Thus, Murray's assertion that the arbitration award manifestly disregards the law is not well-taken, and his motions to vacate the award are denied.

**B. Murray's Requests for Admission**

After Murray filed the first motion to vacate, modify or correct the arbitration award, but before he filed the second, Murray served on CGMI eighty-eight requests for admission. CGMI

responded with a general objection asserting that the requests for admission are merely an attempt to resurrect factual issues put to rest by the FINRA arbitration panel. (*See* Doc. 49-2). CGMI further asserts that requests for admission are inappropriate until such time as this Court reopens discovery. *Id*.

As explained in this Court's Memorandum Opinion compelling arbitration, Murray freely entered into an employment agreement requiring him arbitrate any controversies arising thereunder. *See Murray*, 2009 U.S. Dist. LEXIS 109681. As further explained in the instant Opinion, *supra*, the only relevant issue in the wake of the arbitration panel's award is whether the award manifestly disregards the law. Thus, Murray's attempt to rehash the factual record with untimely requests for admission is both irrelevant and moot. Accordingly, Murray's motion to deem those requests as being admitted (Doc. 48) is denied as moot.

## C. Murray's Constitutional Argument

Murray challenges the constitutionality of the FINRA arbitration process, particularly with regard to its discovery procedures. (Tr. at 5, 41). Murray requests leave to amend his Complaint to include constitutional claims, and requests a hearing on the issue. *Id*.

Again, the parties agreed to arbitrate any controversy arising under Murray's employment agreement, and Murray cites no authority to support his claims that either the agreement or the arbitration process is unconstitutional. Murray's request is denied.

## D. CGMI's Objection to the Transcript, Request for Confirmation, and Request for Fees

Less than one week before oral argument, Murray filed all 170 pages of his direct examination transcript from the FINRA hearing. (Doc. 51). Two days later, CGMI filed a letter

objecting to the transcript, (Doc. 52), which this Court construes as a motion to strike the transcript from the record. Because the transcript is inappropriate until such time as this Court opens the door to a review of the factual record, CGMI's motion to strike is granted.

In its response to Murray's motion to vacate, and at oral argument, CGMI requests confirmation of the FINRA arbitration award, which this Court construes as a request made pursuant to Section Nine of the FAA.[2] 9 U.S.C. § 9; (Doc. 39 at 12-13; Tr. at 35). Because paragraph 15 of Murray's promissory note satisfies the jurisdictional prerequisites of Section Nine, (*see* Doc. 39-2 at 2), CGMI's request for confirmation is granted.

CGMI also requests fees and costs incurred in seeking confirmation of the arbitration award. CGMI argues that Murray's failure to abide by the award, as well as the instant motion to vacate, amounts to harassing and vexatious behavior. This Court disagrees. While Murray is incorrect on the merits, he has not engaged in the sort of bad faith behavior that compels an award of fees and costs. CGMI's request is denied.

**V. Conclusion**

For the reasons stated herein, Murray's motions to vacate, modify, or correct are denied (Doc. 38; Doc. 44); Murray's motion to deem his requests for admission as being admitted by CGMI is denied (Doc. 48); Murray's oral requests for leave to amend and for a hearing are denied

---

[2] CGMI quotes "Code of Civil Procedure Section 1285" for the proposition that "any party to an arbitration in which an award has been made may petition the court to confirm . . . the award." (Doc. 39 at 13; Tr. at 35). CGMI's argument presumably invokes California Code of Civil Procedure Section 1285, which contains language identical to that quoted by CGMI. *See* Cal. Code. Civ. Proc. § 1285. While it is unclear why CGMI may be arguing for confirmation under the California Code–an argument to which Murray did not object–this Court construes CGMI's confirmation request as one made pursuant to the FAA.

(Tr. at 5, 41); CGMI's motion to confirm is granted (Doc. 39); CGMI's motion to strike is granted (Doc. 52); and CGMI's request for costs and fees is denied. (Doc. 39). Case closed.

IT IS SO ORDERED.

                                                               s/ *David A. Katz*
                                                              DAVID A. KATZ
                                                              U. S. DISTRICT JUDGE